## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STERLING MERCHANT FINANCE LTD.<br>1850 M Street, N.W., Suite 920<br>Washington, D.C. 20036<br><br>*Petitioner,*<br><br>v.<br><br>REPUBLIC OF CABO VERDE<br>Ministerio das Financas e Planeamento<br><br>Serve:<br> Office of the Minister<br> Minsterio dos Negocios Estrangeiro<br> Palacio dos Communidades<br> P.O. Box 60 Ahada Santo Antonio<br> Praia, Santiago<br> Cabo Verde<br><br>*Respondent.* | Civil Action No._____ |

## PETITION TO CONFIRM FOREIGN ARBITRAL AWARD

COMES NOW, Petitioner, **STERLING MERCHANT FINANCE LTD.**

("Sterling Merchant" or "Petitioner"), by and through its attorneys, Jeffrey M Hamberger,

and the Law Offices of Jeffrey M Hamberger, P.C., and hereby respectfully alleges and

states as its Petition against Respondent, the **REPUBLIC OF CABO VERDE** ("Cabo

Verde" or "Respondent"), the following:

## INTRODUCTION

1.     This is an action for recognition and enforcement of a foreign arbitral

award, pursuant to the New York Convention on the Recognition and Enforcement of

Foreign Arbitral Awards, (the "New York Convention" or "Convention").[1]  The

Convention is a multilateral treaty promoting enforcement of agreements to arbitrate.

2.    The subject arbitral award ("Award") was granted in favor of Petitioner,

Sterling Merchant, and against the Respondent, Cabo Verde, on November 27, 2015, by

the Permanent Court of Arbitration, seated in The Hague.

3.    Article 3 of the New York Convention obligates each contracting state to

"recognize [foreign] arbitral awards as binding and enforce them in accordance with local

procedural law."  The United States recognizes and enforces "only those awards made in

the territory of another Contracting State." 21 U.S.T. at 2566.

4.    Since the Award was made in The Hague, which is a party to the New

York Convention, the Award is eligible for confirmation here.  Sterling Merchant seeks

confirmation and enforcement of said Award, in this action.

## JURISDICTION AND VENUE

5.    This Court has original jurisdiction, as set forth in 9 U.S.C. § 203[2], because

this is non-jury action to confirm an arbitration award issued under the New York

Convention.  Likewise, under 28 U.S.C. § 1330(a), this Court has original jurisdiction to

confirm an arbitral award against a foreign state not having immunity[3].

---

[1] 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38 (effective for the United States on Dec. 29, 1970).

[2] "An action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States… shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. 203.

[3] "The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement." 28 U.S.C. 1330(a).

6.    This Court has personal jurisdiction over the Respondent, the Republic of

Cabo Verde, pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C.

§ 1602, *et seq.,* which specifies that "[p]ersonal jurisdiction over a foreign state shall exist

as to every claim for relief over which the district courts have [original] jurisdiction under

subsection (a) [of §1603] where service has been made under §1608." [28 U.S.C.

§ 1330(b).]

7.    Venue is proper in this Court pursuant to 9 U.S.C. § 204, and 28 U.S.C.

§ 1391(f)(4), which provide that a civil action against a foreign state may be brought in the

United States District Court for the District of Columbia.

8.    Respondent, Cabo Verde, is not entitled to immunity, inasmuch as it is a

foreign state, as defined in FSIA, and this case comes within 28 U.S.C. § 1605(a)(6),

which excepts from immunity actions to confirm arbitral awards governed by the New

York Convention.

9.    Respondent is further not entitled to immunity under the implied waiver

exception established under 28 U.S.C. § 1605(a)(1), since Respondent affirmatively

consented to the arbitration of the parties' underlying dispute in the Netherlands.[4]

10.    This petition is timely filed in accordance with 9 U.S.C. § 207.

### THE PARTIES AND THE MANAGEMENT CONTRACT

11.    Petitioner, Sterling Merchant Finance Ltd., is a limited liability company,

organized in accordance with the laws of the State of Delaware, and is engaged in the

---

[4] *See* Exhibit ("Ex.") A, letter of Cabo Verde Minister of Finance's legal counsel to the Permanent
Court of Arbitration, dated October 7, 2014.

business of investment banking, private equity and international consulting, among other activities.

13. Respondent, the Republic of Cabo Verde, is a foreign state, as defined in FSIA, 28 U.S.C. § 1602, *et seq*.

13. On or about October 30, 2006, Petitioner and Respondent entered into a management contract, under which Petitioner was engaged to manage the Respondent's airline and flag carrier, *Transportes Aéreos Cabo Verde* ("TACV").[5]

14. On December 1, 2006, management of TACV was transferred to the Petitioner.  Articles 6.2(a) and 6.4 of the Management Contract set out in detail the fee to be paid to the Petitioner.

15. Petitioner fully performed all the services required under the Management Contract, the final act of which services was the submission of a final report to Respondent, on November 30, 2008.  Thereafter, however, Respondent failed to pay Petitioner the remaining monies it was due to receive under the Contract, which failure constituted a breach of said agreement.

16. Despite Petitioner's full and complete discharge of its duties under the Contract, Respondent failed, refused, and continues to refuse, to pay Petitioner the monies still owed to it, as required by the Contract, and the same remains unpaid.

## THE ARBITRATION AWARD

17. Following many efforts to collect what it was owed by Cabo Verde, and after several attempts to bring the Petitioner to the settlement, or arbitration, table, Sterling Merchant submitted a formal request to the Permanent Court of Arbitration ("PCA"),

---

[5] The Management Contract is attached hereto as Exhibit B.

dated June 30, 2014, asking that the Secretary-General of the PCA designate an appointing authority in Petitioner's dispute with Respondent. [Ex. C.[6]]

18.     On October 24, 2014, and November 3, 2014, respectively, Petitioner and Respondent agreed to the appointment of a Sole Arbitrator.

19.     The Secretary-General of the PCA, Hugo H. Siblesz, appointed Professor Juan Fernández-Armesto as Sole Arbitrator, by letter to the parties dated January 12, 2015. [Ex. D.]

20.     Professor Fernández-Armesto decided the matter on the parties' respective written submissions; no formal arbitration hearing was conducted by the Sole Arbitrator.

21.     In a lengthy and carefully-reasoned opinion, Prof. Fernández-Armesto found that Respondent, Cabo Verde, breached its obligations to Petitioner, Sterling Merchant, under the Management Contract, in several respects.  He issued a final Arbitral Award on November 27, 2015, a certified copy of which is attached to this Petition as Exhibit E.[7]

22.     The Sole Arbitrator's Decision, set forth in Paragraph 273 of the Award, at page 63, provided as follows:

"Based on the above reasons, the Sole Arbitrator:

1.   Orders the Republic of Cabo Verde to pay to Sterling Merchant Finance Ltd. an amount of USD 190,098.12 due under Invoice No. RBJ/pd/372;

---

[6] Exhibit C does not include forty-two (42) pages of documents attached to Petitioner's original request, including a copy of entire the Management Contract (Exhibit B hereto).  Counsel for Petitioner will promptly provide copies of these documents, should the Court so desire.

[7] A full history of the appointment of the Sole Arbitrator, and the procedural history leading up to the issuance of the Award, is set forth in the Award itself.

2.   Orders the Republic of Cabo Verde to pay to Sterling Merchant
Finance Ltd. interest at a simple annual rate of 8% p.a. on the amount
stated in para. 273(1) *supra* from 29 January 2009 until full payment;

3.   Orders the Republic of Cabo Verde to pay to Sterling Merchant
Finance Ltd. USD 7,616 and EUR 375 as arbitration costs;

4.   Orders the Republic of Cabo Verde to pay to Sterling Merchant
Finance Ltd. interest at a simple annual rate of 8% p.a. on the amount
stated in para. 273(3) *supra* from the date of this award until full
payment; and

5.   Dismisses all other claims and prayers for relief." [Italics in
original.]

23.     On November 30, 2015, a copy of the Sole Arbitrator's Decision was

delivered to the parties' respective arbitration counsel, and to the Permanent Court of

Arbitration, by FedEx Express. [Ex. F., without Decision attached.]

24.     Article 32.1 of the PCA Arbitration Rules applicable to "Disputes Between

Two Parties of Which Only One is a State" provides that, "The award shall be made in

writing and shall be final and binding on the parties.  The parties undertake to carry out

the award without delay."

25.     Article 34.2 of the UNCITRAL Arbitration Rules, entitled "Form and

effect of the award," provides that, "All awards shall be made in writing and shall be final

and binding on the parties. The parties shall carry out all awards without delay."

26.     Article III of the New York Convention provides that "[e]ach Contracting

State shall recognize arbitral awards as binding and enforce them...."

27.     Petitioner is entitled to seek to enforce the Arbitral Award against

Respondent in this Court.

WHEREFORE, Petitioner, Sterling Merchant Finance Ltd., respectfully requests that this Court, pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, enter an Order:

1. Confirming the aforementioned Arbitral Award and granting judgment in favor of Petitioner, Sterling Merchant Finance, Ltd. and against Respondent, the Republic of Cabo Verde, in the amount of:

> (a) The sum of One Hundred Ninety Thousand Ninety Eight Dollars and Twelve Cents ($190,098.12), pursuant to ¶273.1 of the Award;

> (b) Simple interest at the rate of eight percent (8%) per annum, on the amount of $190,098.12, from January 29, 2009, until full payment, pursuant to ¶273.2 of the Award;

> (c) The sum of Seven Thousand Six Hundred and Sixteen Dollars ($7,616.00), plus Three Hundred and Seventy Five Euros (€375.00), as arbitration costs, pursuant to ¶273.3 of the Award; and

> (d) Simple interest at the rate of eight percent (8%) per annum, on the amounts of $7,616.00, plus €375.00, until full payment, pursuant to ¶273.4 of the Award.

2. Awarding Sterling Merchant its costs and attorneys' fees in this proceeding; and

3. Awarding Sterling Merchant such other relief as the Court considers just and proper, including, as appropriate, the posting of security.

Respectfully submitted,

LAW OFFICES OF JEFFREY M HAMBERGER

Dated: _June 24, 2016_

By: _Jm Hamberger_

Jeffrey M Hamberger
D.C. Bar No. 930362
200 North Adams Street
Rockville, Maryland 20850
(301) 309-6444
jmh@hambergerlaw.com

*Attorneys for Petitioner, Sterling*
*Merchant Finance Ltd.*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STERLING MERCHANT FINANCE LTD., | ) |
| | ) |
| *Petitioner,* | ) |
| | ) |
| v. | ) Civil Action No._____ |
| | ) |
| REPUBLIC OF CABO VERDE | ) |
| | ) |
| *Respondent.* | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PETITION TO CONFIRM FOREIGN ARBITRAL AWARD**

COMES NOW, Petitioner, Sterling Merchant Finance Ltd. ("Sterling Merchant" or

"Petitioner"), by and through its attorneys, the Law Offices of Jeffrey M. Hamberger, P.C,

and respectfully submits this Memorandum of Points and Authorities in Support of [its]

Petition to Confirm Foreign Arbitral Award, against Respondent, the Republic of Cabo

Verde ("Cabo Verde" or "Respondent").

**THE PARTIES AND THE ARBITRAL AWARD**

1.      On or about October 30, 2006, Petitioner, Sterling Merchant, was awarded a

management contract ("Management Contract" or "Contract") through Respondent Cabo

Verde's Growth and Competitiveness Project Coordination Unit, following an international

tender with over half a dozen entities competing.  The Contract, entitled "Management of

TACV – Cabo Verde Airlines Contract" ("Management Contract" or "Contract"),[1]

engaged, and obligated, Sterling Merchant to manage the airline and flag carrier of the

Republic of Cabo Verde, named *Transportes Aéreos Cabo Verde* ("TACV").

---

[1] The Management Contract is attached hereto as Exhibit B.  The references to exhibits in this
Memorandum will follow the exhibit designations used in the Petition.

2.      TACV is the international scheduled passenger airline and flag carrier of Cabo Verde, operating inter-island services and international flights.  Its main base is Sal Airport, with smaller ones at Praia International Airport and São Pedro Airport.  TACV is also a ground-handling company that serves all airports in Cabo Verde.

3.      Sterling Merchant performed all its obligations under the Contract, culminating with Petitioner's submission to Cabo Verde, on November 30, 2008, of the final report Petitioner was obligated under the Contract to produce.  Said report was entitled "*Management Report on the Non-Measurable and Measurable Performance Indicators.*"[2]

4.      Following its submission of the final report to Cabo Verde, Sterling Merchant was entitled to payment of the remaining monies owing to it by said Respondent. Despite Petitioner's repeated demands, Petitioner failed, and has continued to fail, to pay Petitioner the funds to which it is entitled under the terms of the Management Contract, and those amounts remain unpaid.

5.      The Management Contract has specific provisions regarding the remedies available to a party, in the event of a breach of the Contract, or with respect to some other claim, dispute or controversy.

6.      Section 7.1 of the subject Management Contract's General Conditions reads as follows: "7.1 Amicable Settlement. The Parties shall use their best efforts to settle amicably all disputes arising out of or in connection with this Contract or its interpretation." [Ex. B, p. 13.]

---

[2] Other reports had been produced by Petitioner prior to this management report, and corresponding invoices had been paid by Respondent, albeit with major delay.

2

7.      Section 7.2 reads, "7.2 Dispute Settlement. Any dispute between the Parties as to matters arising pursuant to this Contract that cannot be settled amicably within thirty (30) days after receipt by one Party of the other Party's request for such amicable settlement may be submitted by either Party for settlement in accordance with the provisions specified in the [Special Conditions of Contract]." [Ex. B, p. 13.]

8.      Section 7.2 of the Contract's Special Conditions provides, "[a]ny dispute, controversy, or claim arising out of or relating to this contract, or the breach, termination, or invalidity thereof, shall be settled by arbitration in accordance with the UNCITRAL [United Nations Commission on International Trade Law] Arbitration Rules as at present in force." [Ex. B, p. 18.]

9.      Sterling Merchant sent many written requests for amicable resolution of the dispute, as required by the relevant provisions of the Contract, to various authorities of the Respondent, the Republic of Cabo Verde, including the Prime Minister, the Head of Government, the Cabo Verdean Ambassador to the United States, and other officials, but received no response from Respondent.  [Documents available upon request.[3]]

10.     On the authorization of the U.S. Department of State, the U.S. Ambassador to Cabo Verde also sent a diplomatic note to the Government of Cabo Verde, to request an amicable resolution of the parties' ongoing dispute.  On July 8, 2010 and August 18, 2010, Sterling Merchant issued notices of arbitration to Cabo Verde, requesting that an *ad hoc* arbitration be conducted in accordance with the Arbitration Rules of the United Nations

---

[3] In the interest of judiciary economy, Sterling Merchant has not attached the documents referred to as "available upon request," inasmuch as the descriptions in this section of this Memorandum are to inform the Court that which transpired up to the time of the proper granting of the Arbitral Award referred to in the next paragraph hereof.  Petitioner believes that, since this Court need not to go behind the fact that the Award was issued, in order to enforce it, providing such documentation would be superfluous (unless, of course, the Court decides otherwise).

Commission on International Trade Law ("UNCITRAL"). [Documents available upon request.]

11.     Eventually, an arbitral tribunal was established in The Hague, the Netherlands, for this matter, and a Sole Arbitrator was assigned, to consider Sterling Merchant's claims, in accordance with the UNCITRAL Arbitration Rules, and, pursuant to relevant provisions governing the Permanent Court of Arbitration ("PCA").

12.     The Sole Arbitrator rendered his Decision on November 27, 2015.  The ruling resulted in an Arbitral Award ("Arbitral Award" or "Award") in favor of Petitioner, Sterling Merchant, and against Respondent, the Republic of Cabo Verde, including a monetary award exceeding $190,000.00.  [*See* Exhibit E].

13.     To date, Respondent has not paid any part of the Award to Petitioner. Therefore, Petitioner seeks an order and judgment from this Court, confirming the Arbitral Award Petitioner obtained against Respondent, pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention" or "Convention"),[4] to which both Cabo Verde and the United States are parties.

## ARGUMENT

The confirmation of an arbitration award is a summary proceeding by which a final arbitration award is confirmed by order of the court. *See Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997). The review of arbitration awards is extremely limited. *See Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 506 (2001); *Kurke v. Oscar Gruss and Son, Inc.*, 454 F.3d 350, 354 (D.C. Cir. 2006). Under the New York Convention, this Court "shall confirm the award unless it finds one of

---

[4] 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38 (effective for the United States on Dec. 29, 1970), *reprinted in* 9 U.S.C. *in conjunction with* § 201 *et seq.*

the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.  Petitioner contends that the Arbitral Award should be confirmed inasmuch as (a) this Court has subject matter jurisdiction over this action and personal jurisdiction over Cabo Verde; and (b) Cabo Verde is not entitled to immunity, since it is a foreign state, as defined in the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602, *et seq.,* and this case comes within the provisions of 28 U.S.C. § 1605(a)(6), which excepts from immunity actions to confirm arbitral awards governed by the New York Convention.

**A. Jurisdiction and Venue**

This Court has jurisdiction over the subject matter of this action pursuant to 9 U.S.C. § 203, 28 U.S.C. §§ 1330 & 1331, and 28 U.S.C. § 1602 *et seq*.  This Court has personal jurisdiction over Cabo Verde pursuant to 28 U.S.C. § 1330(b). Venue is proper in this district pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(f)(4).

1.     <u>This Court Has Subject Matter Jurisdiction Over This Action</u>

This Court has subject matter jurisdiction over this case because: (a) pursuant to 28 U.S.C. § 1330(a), a U.S. District Court has jurisdiction to confirm an arbitral award against a foreign state, provided that the foreign state is excepted from immunity under the applicable provisions of the Foreign Sovereign Immunity Act ("FSIA"), 28 U.S.C. § 1602 *et seq.*; and (b) 28 U.S.C. § 1331 and 9 U.S.C. § 203 grant jurisdiction to the Court for actions to confirm arbitration awards issued under the New York Convention.

a. Subject Matter Jurisdiction Under the Foreign Sovereign Immunity Act

Title 28 U.S.C. § 1330(a)[5] grants jurisdiction to confirm arbitral awards against

foreign states, provided that the foreign state is not entitled to immunity under the FSIA.

Here, Cabo Verde is not entitled to immunity due to (a) the arbitration exception pursuant

to 28 U.S.C. § 1605 (a)(6); and (b) the implied waiver exception pursuant to 28 U.S.C.

§ 1605 (a)(1).

Title 28 U.S.C. § 1605 (a)(6) grants an exception to immunity when an action is

brought to confirm an arbitral award, made pursuant to an agreement to arbitrate made by

the foreign state for the benefit of a private party, and the agreement governed by a treaty

in force for the United States calling for the recognition and enforcement of arbitral

awards.[6]

As stated above, the Petitioner and the Respondent were, by agreement, required to

submit to arbitration, under the UNCITRAL Arbitration Rules, any unresolvable disputes

arising out of the Management Contract. [Ex. B, pp. 13, 18.]  This they did, and the

Arbitral Award was issued by the Sole Arbitrator in The Hague, in accordance with the

New York Convention.

---

[5] The district courts shall have original jurisdiction without regard to amount in controversy of any
nonjury civil action against a foreign state as defined in section 1603 (a) of this title [28 U.S.C. §
1603(a)] as to any claim for relief in personam with respect to which the foreign state is not entitled
to immunity either under sections 1605–1607 of this title or under any applicable international
agreement. [28 U.S.C. § 1330(a).]

[6] A foreign state shall not be immune from the jurisdiction of courts of the United States in any
case--in which the action is brought, either to enforce an agreement made by the foreign state with
or for the benefit of a private party to submit to arbitration all or any differences which have arisen
or which may arise between the parties with respect to a defined legal relationship, whether
contractual or not, concerning a subject matter capable of settlement by arbitration under the laws
of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if . . .
(B) the agreement or award is or may be governed by a treaty or other international agreement in
force for the United States calling for the recognition and enforcement of arbitral awards. . . . [28
U.S.C. § 1605 (a)(6).]

Accordingly, jurisdiction is proper under 28 U.S.C. § 1330(a), because Cabo Verde is excepted from immunity under the arbitration exception at 28 U.S.C. § 1605 (a)(6) to confirm an arbitration award issued pursuant to the New York Convention. *See FG Hemisphere Assocs. LLC v. Democratic Republic of Congo*, 637 F.3d 373, 375 (D.C. Cir. 2011) ("[arbitration exception] permits a plaintiff to bring suit against a sovereign "to confirm an award made pursuant to . . . an agreement to arbitrate").

Cabo Verde is further not entitled to immunity under the implied waiver exception under 28 U.S.C. § 1605(a)(1) because it agreed to arbitrate in the Netherlands. *See Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 444 (D.C. Cir. 1990) (citing S. Rep. No. 94-1310, at 18 (1976); H.R. Rep. No. 94-1487, at 18 (1976)), *reprinted in* 1976 U.S.C.C.A.N. 6604, 6617). The FSIA's legislative history indicates that implied waivers may arise "in cases where a foreign state has agreed to arbitration in another country or where a foreign state has agreed that the law of a particular country should govern a contract." H.R.Rep. No. 94–1487, at 18 (1976). Here, Respondent agreed to arbitrate, and fully participated (by submission) in the arbitration in The Hague. Therefore, the implied waiver exception pursuant to 28 U.S.C. § 1605(a)(1) applies, and subject matter jurisdiction exists under 28 U.S.C. § 1330(a).

b. Federal Question Jurisdiction

Federal question jurisdiction exists in this Court pursuant to 28 U.S.C. § 1331 and 9 U.S.C. § 203, since this is an action to confirm arbitration award issued under the New York Convention.[7]

---

[7] "An action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States... shall have

7

2. <u>This Court Has Personal Jurisdiction Over Cabo Verde</u>

The FSIA, at 28 U.S.C. § 1330(b), specifies that "[p]ersonal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have [subject-matter] jurisdiction under [1603(a)] where service has been made under [28 U.S.C. § 1608]." In other words, "under the FSIA, 'subject matter jurisdiction plus service of process equals personal jurisdiction.'" *GSS Group Ltd. v. Nat'l Port Auth.*, 680 F.3d 805, 809 (D.C. Cir. 2012) quoting *Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 95 (D.C. Cir. 2002). Furthermore, Cabo Verde is a foreign sovereign, not a person, under the Due Process Clause of the Fifth Amendment. Thus, Respondent has no right to assert a personal jurisdiction defense. *Id.* at 809.

3. <u>Venue in This Court is Proper</u>

Title 28 U.S.C. § 1391(f)(4) provides that a civil action against a foreign state may be brought specifically in this District, and confers venue in this Court.

**B. The Award Against Cabo Verde Was Made Under the New York Convention**

The subject Arbitral Award falls under the New York Convention because the Award was made in the Netherlands, and the Petitioner and the Respondent agreed to settle their dispute in accordance with the UNICITRAL Arbitration Rules. These Rules provide for the application of the New York Convention.

The New York Convention applies to the recognition and enforcement of arbitral awards made in the territory of a State, other than the State where the recognition and

---

original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203.

enforcement are sought.  *See* Art. I(1), New York Convention.  Sterling Merchant seeks recognition in the United States of the Award, which was issued in the Netherlands, inasmuch as both the United States and the Netherlands are parties to the Convention.

### C. The New York Convention Requires Recognition of the Award Against Cabo Verde

Article III of the New York Convention provides, in relevant part, that "[e]ach Contracting State shall recognize arbitral awards as binding and enforce them in accordance with the rules of procedure of the territory where the award is relied upon. . . ." Congress has enacted 9 U.S.C. § 201 *et seq.*, to implement the New York Convention.  *See* 9 U.S.C. § 201 (New York Convention "shall be enforced in United States courts in accordance with this chapter."); *see also Comm'ns Imp. Exp. S.A. v. Republic of the Congo*, 757 F.3d 321, 324 (D.C. Cir. 2014) ("The Convention is a multilateral treaty that, with exceptions, obligates participating countries to honor international commercial arbitration agreements and to recognize and enforce arbitral awards rendered pursuant to such agreements.")  [Citations omitted.]  The Award against Cabo Verde should be confirmed.

## CONCLUSION

This Court should enter an Order confirming the Arbitral Award, in accordance with the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, and

1.  Grant judgment in favor of Petitioner, Sterling Merchant Finance, Ltd., and against Respondent, the Republic of Cabo Verde, in the amounts of:

(a)   One Hundred Ninety Thousand Ninety Eight Dollars and Twelve Cents ($190,098.12), pursuant to ¶273.1 of the Award;

(b)  Simple interest at the rate of eight percent (8%) per annum, on the amount of $190,098.12, from January 29, 2009, until full payment, pursuant to ¶273.2 of the Award;

(c)  Seven Thousand Six Hundred and Sixteen Dollars ($7,616.00), plus Three Hundred and Seventy Five Euros (€375.00), as arbitration costs, pursuant to ¶273.3 of the Award; and

(d)  Simple interest at the rate of eight percent (8%) per annum, on the amounts of $7,616.00, plus €375.00, until full payment, pursuant to ¶273.4 of the Award.

2.   Award to Sterling Merchant its costs and attorneys' fees in this proceeding;

3.   Grant Sterling Merchant such other relief as the Court considers just and proper, including, as appropriate, the posting of security by Respondent.

4.   For the foregoing reasons, petitioner Sterling Merchant respectfully requests that this Court enter an Order confirming the Arbitral Award and enter judgment thereon.

Respectfully submitted,

LAW OFFICES OF JEFFREY M HAMBERGER

Dated: June 24, 2016

By: _Jeffrey M Hamberger_
Jeffrey M Hamberger
D.C. Bar No. 930362
200 North Adams Street
Rockville, Maryland 20850
(301) 309-6444
jmh@hambergerlaw.com

*Attorneys for Petitioner, Sterling
Merchant Finance, Ltd.*