# EXHIBIT A

# LETTER OF CABO VERDE MINISTRY OF FINANCE TO THE PERMANENT COURT OF ARBITRATION



GABINETE DA
MINISTRA

Av. Amílcar Cabral
CP n° 30, Praia
República de Cabo Verde
Telf: (+238) 2607500/2607501
Fax: (+238) 2613897

Praia, Cabo Verde, October 07, 2014

To:

Permanent Court of Arbitration

Peace Palace Carnegieplein 2

2517 KJ The Hague

The Netherlands

F: + 31703024167

E: bureau@pca-cpa.org

                Dear Mr.
                Hugo H. Siblesz
                Secretary-General

           Dear Miss Evgenyia Gorbatheva
                Legal Counsel

                Sir Roger B. Jantio
           Sterling Merchant Finance Ltd
           Senior Managing Director
Herr Roger Jantio (Riantio@SterlingUS.com)
             1.850 M Street, NW,
                Suite 920
            Washington, DC, 20036
                U.S.A.

We thank you for your letter dated September 17st, received on September 23st.

I am Rui Jorge de Melo Araújo (rui.araujo@minfin.gov.cv), legal counsel, entrusted by the Ministry of Finance and Planning to represent the Respondent in this circumstance

   GABINETE DA
          MINISTRA

Av. Amílcar Cabral
CP nº 30, Praia
República de Cabo Verde
Telf: (+238) 2607500/2607501
Fax: (+238) 2613897

by sending to you this letter.

The Government of Cabo Verde (Respondent, from now on) annex to your knowledge the answer it has been sent to the Claimant on September 1st, that´s to say, within the term of 30 days after the reception of Claimant´s letter dated July 11th and received by the Ministry of Finance and Planning, Miss Cristina Duarte, on 05th August (it´s not important for now to explain why August 05th and not 01st, as in any case September 01st is within said 30 days). We realize that the Claimant did not inform the Permanent Court of Arbitrage, in her letter dated September 15th, about said in response of the letter dated September 1st.

The letter sent to the Claimant was written on purpose in Portuguese instead of English, by the reason explained in its first paragraph. We add now an informal translation onto English of such letter.

We are conscious that the Government position is not, in this moment, the same that is expressed in its letter sent to Claimant on September 1st. This fact is due to two reasons: the circumstance that the Claimant did not consider Government purpose to present a proposition for solving the issue by conciliation or mediation during September and didn´t present to the Court the Respondent position; and the fact that Government wanted to present now more aperture to arbitration, although in conditional terms, as you will see hereafter.

First at all, it is to explain to you that Respondent has "self-interest" in discussing the subject in arbitral tribunal, because it has strong reasons against the Claimant, due to serious violation of all rules of good-faith in the accomplishment of its obligations stablished on the management contract of Cabo Verdean aerial fleet – TACV -, with severe damages for the State.

So, it has no gain to avoid the arbitrage conflict. On the contrary! It is convenient for the Respondent (the State) to solve this matter by a more quick process and a more adjusted justice than that of State´s courts.

Not even the Respondent has any reasons to believe that it would have advantages in being judged by national courts. Indeed, despite Cabo Verde being an Independent Republic since as recent as 1975 and in spite of being an almost invisible archipelago in the maps, without any natural resources and with a population of about only five hundred resident inhabitants, the truth is that since 1983 it exists a clear law for condemnation of State by courts and these condemnations are very frequent nowadays.

Even more: the Respondent is not worried about indicating an arbitrator to represent him. In fact, since 2005 it exists a law concerning arbitration in Cabo Verde, but the State (due to institutional weakness) has no Public Entity endowed with "know-how" and experts, with the function to take care of arbitration´s subjects and which could have some contacts with good arbitrators.

Due to these circumstances it's not a concern that the State doesn't indicate his arbitrator, since it believes that an administrator designated by the Permanent Court of



GABINETE DA
MINISTRA

Av. Amílcar Cabral
CP nº 30, Praia
República de Cabo Verde
Telf: (+238) 2607500/2607501
Fax: (+238) 2613897

Arbitration would do it better – with more expertise and adequacy.

The Respondent has only two problems, one of them is very simple, but fundamental, and the other about the constitutionality of the wanted arbitration.

The first problem is about the possibility that the arbitration can take place abroad and in a different language from the Portuguese one. That would represent heavy expenses and great difficulties. If, institutionally, the State had, when the Respondent signed the contract, some knowledge about UNCITRAL rules, it would surely agree and establish that the arbitration would take place in Cabo Verde and in Portuguese language.

The second problem is the conflict between such arbitration and the Constitution of Cabo Verdean State. Such conflict is explained (even if without details) in the annexed letter (please see English translation) sent to the Claimant September 1st. Even if the Respondent has another opportune moment to invoke it, it´s fair to clear now.

Obviously, this conflict would give the Public Prosecutor, as State´s representant, the right to reject the execution against Respondent of any award produced in an arbitration process administered by a not authorized Administrator of Arbitrations. As the Respondent could for the same reason invoke the number 2 of the Article 1 of UNCITRAL rules.

Being a State of Law Cape Verde is submitted to the principles and rules of its constitution. But, we are aware that the State is also obligated, by ethical and political duty, to honor the arbitral clause it signed.

The Respondent considers that a middle-term is possible and desirable, so it compromises to accept the final award, paying the possible amount that it may be condemned to pay, with no need for execution. On condition that the arbitration is done in Portuguese, or Portuguese and English, and that the witnesses are heard in Cape Verde, unless the proposed solution proves to be more expensive than other possible alternatives.

The Respondent would like to express its preference for the indication of the arbitrator to be done directly by the Permanent Court of Arbitration.

Sincerely yours,

_____
Rui Jorge de Melo Araújo
Legal Counsel
(Rui.Araújo@minfin.gov.cv)

Ecl:

Case 1:16-cv-01285-ESH   Document 1-2   Filed 06/24/16   Page 5 of 5



GABINETE DA
MINISTRA

Av. Amílcar Cabral
CP nº 30, Praia
República de Cabo Verde
Telf: (+238) 2607500/2607501
Fax: (+238) 2613897

- The letter sent to Claiment on September 1st;
- An informal translation of refered letter

C.c  Dr. José Maria Pereira, Prime Minster of Cabo Verde

Mr. Sara Lopes, Minister of Infrastructures and Maritime Economy